UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x
MICHAEL A. HAYDEN,                          :
                                            :
               Plaintiff,          :        Civil Action No. 1:21-cv-10249 (LGS)
                                            :
       -against-                        :
                                            :
JEFF KOONS,                                 :
                                            :
            Defendant.           :
-------------------------------------------------------x

**CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER**

The parties agree that good cause exists to protect the confidential, personally sensitive, proprietary, and/or trade secret nature of information contained in discovery provided in this action.  Such information is expected to include materials reflecting trade secret or other confidential research, development, or commercial information. The parties agree that the entry of this Protective Order ("Protective Order") is warranted to protect against the unauthorized use and/or disclosure of such information.

Based upon the above stipulation of the parties, and the Court being duly advised,

IT IS HEREBY ORDERED as follows:

1.      "Confidential Information" shall include personally sensitive, trade secret or other internal confidential research, development, or commercial information of a highly sensitive nature.

2.      Use and/or disclosure of Confidential Information, including all information derived therefrom, shall be restricted solely to use in this proceeding and shall not be used or disclosed by any party for any purpose except as provided herein.

3.      The parties, and any third parties subpoenaed by one of the parties, may designate as "Confidential" information provided that the producing party has a good-faith basis to assert confidentiality of that information pursuant to the definition in Paragraph No. 1.  The party shall designate each page of the document with a stamp identifying it as "Confidential."

4.      This Protective Order does not authorize the filing of any document under seal.  Documents may be filed under seal only as provided in Judge Schofield's Rule I.D.3.

5.      If, in the manner prescribed by Rule I.D.3, an application is made to seal or redact a filing or document, and the Court denies a request for any document to be filed under seal or in redacted form, then the filing party may thereafter file such document without redaction on the public docket.  The parties will use their best efforts to minimize the need for any sealing or redactions.

6.      Within thirty (30) days after receipt of a final deposition transcript in this case, a party or the witness may designate as "Confidential" any portion of the transcript that the party or witness contends discloses Confidential Information. Unless otherwise agreed, all deposition transcripts shall be treated as "Confidential," in full, until the expiration of the thirty-day period.

7.      Use or disclosure of any information, documents, or portions of documents marked "Confidential," including all information derived therefrom, shall be restricted solely to the following persons, who agree to be bound by the terms of this Protective Order, unless additional persons are stipulated by counsel or authorized by the Court:

> a.      The law firms identified as outside counsel of record for any party and the law firms' personnel.

> b.      Insurer(s) of any party.

> c.      Independent consultants or expert witnesses (and their personnel) retained by a party or its attorneys for purposes of this litigation.

> d.      The Court and its personnel, including, but not limited to, stenographic reporters regularly employed by the Court and stenographic reporters not regularly employed by the Court who are engaged by the Court or the parties during the litigation of this action.

> e.      The authors and the original recipients of the Confidential Information.

> f.      Any court reporter or videographer reporting a deposition.

      g.     Employees of copy services, database services, trial support firms, and/or translators who are engaged by a party during the litigation of this action.

8.     Prior to being provided any information designated "Confidential," any person listed under Paragraph No. 6(c) shall agree to be bound by the terms of this Protective Order by signing the agreement attached hereto as Exhibit A.

9.     Each party reserves the right to dispute the Confidential status claimed by any other party or subpoenaed party in accordance with this Protective Order. If a party believes that any materials have been inappropriately designated, that party shall confer with counsel for the designating party. If the parties are unable to resolve their dispute, within seven (7) days of receiving a written notice from the non-designating party requesting that the designating party file a motion with the Court, the designating party must withdraw the Confidentiality designation or file an appropriate motion requesting that the Court determine whether the Confidential Information is designated appropriately pursuant to the definition provided in Paragraph No. 1. Failure of the designating party to file a motion within (7) days constitutes a waiver of the Confidentiality designation. The party seeking to protect Confidential Information from disclosure bears the burden of establishing good cause for why the Confidential Information should not be disclosed. A party who disagrees with another party's designation must nevertheless abide by that designation until the matter is resolved.

10.     The inadvertent failure to designate materials as "Confidential" prior to use or disclosure shall not operate as a waiver of the party's right to later designate the material as "Confidential."  Promptly after receiving notice from the producing party of a claim of confidentiality, the receiving party shall inform the producing party of all pertinent facts relating to prior disclosure of the newly designated documents or materials and shall make reasonable efforts to retrieve such documents and materials disclosed outside the purview of the new designation, and to prevent any further such disclosure.

11.     The inadvertent production or disclosure of information protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege shall not constitute a waiver of privilege as to the document, information, or subject-matter thereof.  Fed. R. Evid. 502(e).  If, at any time, a party discovers that it produced or disclosed information that it reasonably believes to be privileged, then it must promptly notify each receiving party of the claim for protection, the basis for it, amend its privilege log accordingly, and comply with Fed. R. Civ. P. 26(b)(5).

12.     Upon the request of the designating party or third party, within thirty (30) days after the entry of a final judgment no longer subject to appeal on the merits of the case, or the execution of any agreement between the parties to resolve and settle this case, the parties and any person authorized by this Protective Order

to receive Confidential Information, or any person actually receiving such information, shall destroy the Confidential Information subject to this Protective Order, and certify destruction to counsel for the designating party.  Counsel for any party may retain any work product and filed pleadings related to this action.

13.    The restrictions on disclosure and use of Confidential Information shall survive the conclusion of this action and this Court shall retain jurisdiction of this action after its conclusion for the purpose of enforcing the terms of this Protective Order.

14.    The parties acknowledge that the Court retains discretion as to whether, in Orders and Opinions, to afford confidential treatment to information that the parties have redacted, sealed or designated as confidential.

So Stipulated:

FLETCHER LAW, PLLC                SCAROLA ZUBATOV SCHAFFZIN
                                   PLLC


By: _____           By: _____
      Jordan Fletcher                   Daniel J. Brooks
246 Fifth Avenue, 3rd Floor       1700 Broadway, 41st Floor
New York, New York 10001          New York, New York 10019
Tel.: (212) 320-8945              Tel.:  (212) 757-0007
Fax: (347) 983-0046               Fax:  (212) 757-0469
Email:  jordan@fletcherlaw.co     Email:  dbrooks@szslaw.com

*Attorneys for Plaintiff*          *Attorneys for Defendant*

The Court has reviewed the reasons offered in support of entry of this Protective Order and finds that there is good cause to protect the confidential nature of certain information.  Accordingly, the Court adopts the above Protective Order in this action.

**IT IS SO ORDERED**

DATED:  February 3, 2022

**LORNA G. SCHOFIELD**
**UNITED STATES DISTRICT JUDGE**

## EXHIBIT A

I, _____,

have been advised by counsel of record for _____

in *Michael A. Hayden v. Jeff Koons*, Case No. 1:21-cv-10249, of the Protective

Order governing the delivery, publication, and disclosure of confidential

documents and information produced in this litigation.  I have a read a copy of the

Protective Order and agree to abide by its terms.


_____
Signed


_____
Printed Name


_____
Date